# EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

**1.    Parties.**  The parties to this Agreement are Rafael Lopez, the Plaintiff (on behalf of himself, his families, beneficiaries and anyone acting for him), and Sub Tender, Inc. d/b/a Submarine Tender, Gregory Liveris, and John Liveris, the Defendants.

Plaintiff and the Defendants are presently parties to a lawsuit now pending before the United States District Court for the Northern District of Illinois, Case No. 15-CV-5286 (the "Lawsuit").  Plaintiff and the Defendants are interested in avoiding all further legal costs and disputes and in fully and expeditiously resolving all claims, charges, or issues of law or fact that are or could have been raised by Plaintiff against the Defendants as of the date they sign this agreement.

**2.    Consideration.**  In complete settlement of all claims that Plaintiff has or may have against the Defendants and subject to the terms below, the Defendants agree to pay the gross sum of $8,500.00 (Eight Thousand Five Hundred and No/100 Dollars) to be apportioned as follows:

- One (1) check shall be made payable to Rafael Lopez in the gross amount of $1,250.00, less applicable taxes and withholdings, for alleged lost wages.  The Defendants will issue an IRS Form W-2 to Mr. Lopez reflecting this payment.

- One (1) check shall be made payable to Rafael Lopez in the gross amount of $1,250.00, The Defendants will issue an IRS Form 1099 to Mr. Lopez reflecting this payment.

- One (1) check shall be made payable to the Billhorn Law Firm, in the amount of $6,000.00 , for alleged attorneys' fees and expenses.  Defendants will issue an IRS Form 1099 to Mr. Billhorn's firm reflecting this payment.

All checks shall be delivered to: the Billhorn Law Firm, 53 West Jackson Boulevard, Suite 840, Chicago, Illinois 60604

Plaintiff acknowledges that he has not relied on any statements or representations by the Defendants or their attorneys with respect to the tax treatment of the payments described in this section.  If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above (or any part thereof), Plaintiff acknowledges and assumes all responsibility for paying those amounts of additional tax determined to have been owed by him and further agrees to indemnify and hold the Defendants harmless for payment of any additional taxes and any interest and penalties thereon.

Plaintiff warrants that he is not aware of any attorneys' liens placed on this matter.

Plaintiff agrees that the payments above are consideration for the promises by Plaintiff contained herein and that the Defendants were not otherwise obligated to make these payments.

The Parties will seek Court approval of this agreement.  The Defendants' obligations to make the payments above shall become due seven (7) days after the Court approves this agreement, provided that the Defendants receive this Agreement executed by Plaintiff.

**3.** <u>**Dismissal of Lawsuit.**</u>  The Parties agree that dismissal of the Lawsuit shall at first be without prejudice, with each Party responsible for its respective attorneys' fees and costs, except as otherwise provided for in this Agreement, is a condition precedent to the Defendants' promises in this Agreement. Within 21 days after tendering of the settlement proceeds as described above, Plaintiff agrees to file or participate in the filing of a stipulation of dismissal of the lawsuit with prejudice and to take any other action that may be required to achieve that dismissal.

**4.** <u>**Mutual General Release.**</u>  Plaintiff knowingly and voluntarily releases and forever discharges Defendants, any and all owners or shareholders of Defendants, and any of their current and former employees, attorneys, officers, directors, subsidiaries, divisions, affiliates, predecessors, insurers, successors and assigns, including both individually and in their business capacities (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff has or may have against the Releasees as of the date of execution of the Settlement Agreement, including, but not limited to any claims related to Plaintiff's employment or separation of employment from Defendants, and any claims based on the following:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Older Workers Benefit Protection Act ("OWBPA");
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Fair Labor Standards Act ("FLSA");
- The Equal Pay Act;
- The Uniformed Services Employment and Reemployment Rights Act;
- The Illinois Human Rights Act;
- Any Illinois statutory law regarding retaliation/discrimination for filing a workers' compensation claim;
- The Illinois common law claim for retaliation for filing a workers' compensation claim;
- The Illinois Equal Pay Act;
- The Illinois Equal Wage Act;
- The Illinois Wage Payment and Collection Act;
- The Illinois Minimum Wage Law;
- The Illinois One Day Rest in Seven Act;
- The Illinois Eight Hour Day Act;
- The Illinois Family Military Leave Act;
- The Illinois Worker Adjustment and Retraining Notification Act;

- The Illinois Health and Safety Act;
- The Illinois Whistleblower Act;
- The Illinois School Visitation Rights Act;
- The Illinois AIDS Confidentiality Act;
- Illinois Right to Privacy in the Workplace Act;
- The Illinois Genetic Information Privacy Act;
- The Illinois Personnel Record Review Act;
- The Illinois Victims' Economic Safety and Security Act;
- Smoke Free Illinois Act;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these or any other matters or claims.

Plaintiff is not waiving any rights he may have to: (a) pursue claims which by law cannot be waived by signing this Agreement; and/or (b) enforce this Agreement.

Defendants knowingly and voluntarily mutually releases and forever discharges Plaintiff of and from any and all claims, known and unknown, asserted or unasserted, which Defendants have or may have against the Plaintiff as of the date of execution of the Settlement Agreement, including, but not limited to any claims related to Plaintiff's employment or separation of employment from Defendants.

**5.** **Informed and Meaningful Waiver Pursuant to the FLSA by Plaintiff.** The Parties hereby represent that the total sum paid to Plaintiff and his attorneys under the terms of this Agreement is settlement of a *bona fide* dispute as to the amount of compensation due to Plaintiff. Plaintiff hereby acknowledges that the above sum compensates him for all amounts possibly recoverable in the Lawsuit, including overtime, back pay, liquidated damages, all possible penalties under the FLSA, the IWPCA and the IMWL, and all attorney's fees and costs.

**6.** **Mutual Non-Disclosure.** Plaintiff agrees and acknowledges that confidentiality is an essential part of the Settlement. Plaintiff agrees not to disclose the terms of the Settlement, or the settlement information and offers disclosed to him, to anyone other than his immediate family members, appropriate government taxing authorities, and to his accountants, tax preparers and attorneys who have a reasonable need to know such information, unless otherwise required by law. Similarly, Defendant agrees not to disclose the terms of the Settlement to anyone other than appropriate government taxing authorities, and to his accountants, tax preparers and attorneys who have a reasonable need to know such information, unless otherwise required by law. Specfically, Defendants agree that upon any inquiry from any third party regarding Plaintiffs' employment with Defendants, information pertaining ONLY to Plaintiff's dates of employment and positions held will be disclosed, and no mention of this lawsuit or any claim relating to this law suit will be disclosed, suggested or referenced.

**7.** **Costs and Attorney's Fees**. Except to the extent stated in Paragraph 1 of the Agreement, each Party to the Agreement shall bear his or its own costs and attorney's fees associated with this dispute, as well as the negotiation and preparation of the Agreement.

**8.** **Non-Admission.**  Neither the Defendants' offer reflected in this Agreement nor any payment under this Agreement is an admission that Plaintiff has a viable claim against the Defendants or any other Releasee.  Each Releasee denies all liability.

**9.** **Applicable Law.**  This Agreement shall be interpreted under the laws of the State of Illinois, without regard to its choice of law provisions.

**10.** **Enforceability.**  If a court finds any part of this Agreement unenforceable, that part shall be modified and the rest enforced.  If a court finds any such part incapable of being modified, it shall be severed and the rest enforced.  A decision not to enforce this Agreement does not waive any future violation.

**11.** **Enforcement.**  Except as may be specifically provided elsewhere in this Agreement, the prevailing party in any dispute regarding this Agreement will receive its reasonable attorney fees, costs, other expenses, injunctive relief, and any other available relief.

**12.** **Entire Agreement.**  This Agreement is the complete understanding between Plaintiff and the Defendants.  It replaces any other agreements, representations or promises, written or oral.

**13.** **Time to Revoke.**  After Plaintiff signs this Agreement, Plaintiff has seven (7) days to revoke it by providing written notice to the Defendants representative signing below.  This Agreement is not effective or enforceable until the revocation period expires.  If Plaintiff revokes this Agreement, Plaintiff will not receive the pay/benefits listed at the beginning of this Agreement.

**14.** **Other Representations.**  Plaintiff agrees:

- Plaintiff was advised in writing, by getting a copy of this Agreement, to consult with an attorney before signing below; and

- Plaintiff is signing this Agreement knowingly and voluntarily.


_____

Rafael Lopez                                    (Date)

5

SUB TENDER, INC. D/B/A SUBMARINE TENDER, INC.


By: _____
      Gregory Liveris, President      (Date)



_____

Gregory Liveris                  (Date)



_____

John Liveris                     (Date)